```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


CHRISTOPHER STEARNS,              :

      Appellant,                  :

V.                                :   CASE NO. 3:05-CV-894   (RNC)

INTERNAL REVENUE SERVICE,         :

      Appellee.                   :
```

### RULING AND ORDER

Appellant brings this action pursuant to 26 U.S.C. § 6330(d)(1)(B) challenging a determination of the Internal Revenue Service that a tax lien should remain in place until the underlying liability is paid.  The lien is based on penalties assessed against the appellant as a responsible person of a company that withheld employment taxes from its employees' wages without remitting them to the IRS.  Appellant denies that he is responsible on the ground that he was strictly a sales manager.  The government has filed a motion to affirm the IRS's determination. [Doc. #6]  Appellant has not responded to the motion, despite being notified that his failure to do so would result in dismissal of the action.  The motion is now granted, in the absence of opposition, for good cause shown.

Background

On June 7, 2002, the IRS sent appellant a letter informing him that it intended to assess a penalty against him in the amount of $33,003.07, which equaled the total sum of the unpaid trust fund

taxes owed by his employer, Roxbury Twain Publishing, Inc. The letter notified the appellant that he had a right to appeal by submitting a written protest to the Regional Director of Appeals within 60 days. The letter stated, "If we do not hear from you within 60 days from the date of this letter . . . we will begin collection action." It is undisputed that appellant did not respond.

On September 1, 2004, the IRS sent appellant a letter stating that, since the assessment had not been paid, a notice of federal tax lien had been filed against him. The letter informed the appellant that he had a right to a collection due process hearing, and explained what he needed to do to request one. This time, a hearing was requested.

At the collection due process hearing, conducted before an IRS settlement officer, appellant denied that he was responsible for the unpaid taxes. The settlement officer determined that the issue of the appellant's liability could not be considered because he had failed to respond to the initial notice sent to him on June 7, 2002. The appellant raised no other issue. Accordingly, the settlement officer decided that the notice of federal tax lien should remain in place.

This appeal followed. Appellant alleges here, as he did at the hearing, that he is not responsible for the amounts assessed against him.

Discussion

At a collection due process hearing, a taxpayer may dispute the "existence or amount of the underlying tax liability" only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  26 U.S.C. § 6330(c)(2)(B)(2000).  If a taxpayer receives notice of an assessment, but fails to appeal, he cannot later dispute his liability at a collection due process hearing.  Pelliccio v. United States, 253 F. Supp. 2d 258, 261 (D. Conn. 2003); see also Jackling v. IRS, 352 F. Supp. 2d 129, 132 (D.N.H. 2004).

It is undisputed that the appellant received the letter sent to him by the IRS on June 7, 2002, informing him of the IRS's intention to assess him with a penalty.  To preserve his right to contest his liability for the penalty, he was required to file an appeal within 60 days.  As a result of his failure to do so, the hearing officer properly declined to consider his untimely denial of liability.[1]

III. Conclusion

Accordingly, the government's motion to affirm the determination concerning collection action [Doc. #6] is hereby

---

[1] Somewhat surprisingly, the IRS's letter of June 7, 2002, did not explicitly warn the appellant that failure to file an appeal within 60 days would result in a waiver of his right to contest liability.  However, appellant does not allege that the absence of such a warning rendered the notice ineffective or served to deprive him of an opportunity to dispute his liability.

granted.  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 3rd day of February 2006.


　　　　　　　　　　　　　　　　　_____\s_____
　　　　　　　　　　　　　　　　　　　　Robert N. Chatigny
　　　　　　　　　　　　　　　　　United States District Judge